## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

**BEVERLY OWEN BARBER**     **\***
*Plaintiff,*    **\***

v.    **\***      Case No. 1:25-cv-00652CLM

**CHARLES ROBINSON, JR., et al.**
*Defendants.*

---

# MOTION FOR RECUSAL UNDER 28 U.S.C. § 455 AND NOTICE OF COMPLAINT FOR REVIEW BY JUDICIAL COUNSEL

**TO THE HONORABLE COURT:**

Pursuant to 28 U.S.C. § 455(a) and (b)(1), Plaintiff respectfully moves for the recusal of the presiding judge in this action and reassignment of this case to another member of this Court. Simultaneously, Plaintiff provides notice of intent to file a complaint with the Judicial Council under 28 U.S.C. § 351.

## I. FACTUAL BACKGROUND

This matter represents the culmination of a disturbing pattern of judicial conduct that has denied Plaintiff fundamental due process

while creating prejudicial permanent records that damage reputations and follow the parties into subsequent proceedings.

## A. Pattern of Prejudgment Without Evidentiary Review

Despite multiple requests for evidentiary hearings filed with this Court, the presiding judge has:

1. **Characterized allegations as "specious" without reviewing supporting evidence**

2. **Called legitimate jury trial issues "fabricated" when evidence was never presented to this court** confirming as the parties waited for the jury to appear, a subpoena showed a jury panel had not been ordered.

3. **Made reputation-damaging statements in his order that become part of the permanent, nationally published record, when asked to correct he claimed lack of jurisdiction the following day to correct what was written the day before.**

**B. Specific Instances of Apparent Bias**

**The $1,170,000 Judgment Issue:** The    state Court entered a substantial money judgment  ($1,170,000.00 )against Plaintiff contrary to witness statements filed with the Court confirming no liability for the damages assessed. This determination was made without affording the witnesses testimony who was told their testimony would be repetitious, then the others were directed to a non-functioning site for virtual testimony; plus there was no correction though reported during trial. Screen shots show the warnings that the site was impersonating the official site.

**The Jury Trial Fabrication:** The Court characterized Plaintiff's allegations regarding jury trial denial as "fabricated" despite evidence showing parties waited for jury arrival, only to learn no jury panel had been ordered. Subsequent subpoena revealed administrative records confirming the truth of Plaintiff's allegations.  The subpoenas were acquired through  another forum. Of the 8 cases listed in the footnotes, one was never served, one does not name any of the prior parties.

**The  Jurisdictional Contradiction:** After entering an order containing prejudicial language and reputation-damaging statements,

the Court claimed lack of jurisdiction the following day to make corrections when confronted with the impropriety of the permanent record.

## C. Pattern Across Multiple Proceedings

The presiding judge has acknowledged this as the "eighth case" relating to these parties, demonstrating awareness of prior proceedings and apparent predisposition against Plaintiff's claims. While prior cases involved dismissals without prejudice and re filings based on newly discovered evidence,    and    additional    counts,    the    Court's characterization suggests predetermined hostility rather than judicial neutrality.

## II. LEGAL STANDARD

### A. Recusal Under 28 U.S.C. § 455(a)

A judge must recuse when "his impartiality might reasonably be questioned." The standard is objective - whether a reasonable person, knowing all relevant facts, would question the judge's impartiality.

## B. Recusal Under 28 U.S.C. § 455(b)(1)

A judge must recuse when the judge "has a personal bias or prejudice concerning a party." Personal bias sufficient to require recusal can be established through a pattern of rulings and statements demonstrating predetermined hostility to a party's claims.  Prior orders of the court serve to be even more damaging and an embarrassment; plus no evidentiary hearing was granted in the earlier actions.

## III. ARGUMENT

## A. Appearance of Impropriety Requiring Recusal

## 1. Prejudicial Factual Determinations Without Due Process

The Court has made adverse factual findings while simultaneously denying Plaintiff opportunity to present supporting evidence through evidentiary hearings. This fundamental denial of due process, combined with creation of prejudicial permanent records, would cause any reasonable observer to question judicial impartiality. In the instant case the facts are so horrendous that no one wants to touch them for exposure to the illegal alterations to the state's electronic filing system, directing witnesses to inoperable sites for virtual testimony then

refusing to continue the case or correct the technical issues to allow testimony. Trial exhibits removed from the court for over 5 months, then portions found in the clerk's safe that were to have been presented in the record on appeal, illegal alterations to the court reporter's transcripts. This is the type of corruption that demands investigation..

Most evidence was acquired subsequent to trial and was not heard by the state court; yet the order of the Federal Judge now clearly gives warning of the unlikely success on the cases, though only a partial list of the grounds for Federal intervention.

## 2. Speculation Masquerading as Judicial Findings

The Court's characterization of well-documented allegations as "specious" and "fabricated" without evidentiary review constitutes impermissible speculation that creates an appearance of predetermined judgment.

## 3. The Jurisdictional Shell Game

The Court's entry of prejudicial orders followed by claims of lack of jurisdiction to correct the order shows absence of concern for the injury inflicted in the national publication; plus, lack of judicial neutrality.

The issues of alteration to records will continue as condoned for years; in fact Plaintiff retained records that show this pattern of alterations to benefit a party was occurring over three years ago. It was never addressed; however copies were retained for verification of the issues that are commonplace in Alabama..

## B. Personal Bias Requiring Recusal

## 1. Pattern of Hostility Across Multiple Proceedings

The Court's acknowledgment of eight related cases, combined with consistent denial of evidentiary hearings while making adverse factual determinations, establishes a pattern of predetermined hostility toward Plaintiff's claims.

## 2. Prejudgment of Evidence

The Court's dismissal of allegations as fabricated before reviewing supporting evidence demonstrates personal bias that precludes fair adjudication.

## C. Due Process Violations

The Court's conduct violates fundamental principles of due process by:

- Denying evidentiary hearings while making factual determinations

- Creating prejudicial permanent records without affording opportunity to be heard

- Making reputation-damaging statements based on speculation rather than evidence

## IV. COMPLAINT FOR REVIEW BY JUDICIAL COUNSEL

Plaintiff simultaneously provides notice of intent to file a complaint with the Judicial Council alleging conduct prejudicial to the effective administration of justice under 28 U.S.C. § 351, including:

1. **Denial of fundamental due process through refusal to conduct evidentiary hearings**

2. Denial of the motion for recusal of the Office of the Attorney General who is representing the judge, instead of investigating the severe misconduct that plagued the proceedings.

3. **Creation of false permanent records that follow parties into other courts**

4.  **A determination is due to be made by higher authority whether there is  coordination with local interests while denying federal oversight.**

5.   **The Judicial counsel will see the severity of these claims filed in this Federal court and far more than the limited points set out here.  They will have a duty to ensure there is federal investigation of the illegal activity that should have never been  condoned**

## *CONCLUSION*

The presiding judge's pattern of conduct has created an  appearance of impropriety that requires recusal and reassignment. The denial of basic due process, combined with creation of prejudicial permanent records based on speculation rather than evidence, demonstrates both apparent bias and conduct requiring disciplinary review.

**WHEREFORE,** Plaintiff respectfully requests this Court:
1. **GRANT** this Motion for Recusal under 28 U.S.C. § 455;
2. **REASSIGN** this case to another member of this Court;
3. **TAKE NOTICE** that  Plaintiff' has  filed a complaint for Judicial ; Counsel review.
4. **GRANT** such other relief as this Court deems just and proper.

Respectfully submitted,


s/Beverly Owen Barber

105 Florida Rd

Pell City, Al 35125

205 362-1838


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response has been served upon all parties of record by electronic service on this _29 day of  Aug2025.

s/Beverly Owen Barber